IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT EARL HOUSE, § | |
| TDCJ-CID NO. 1103268, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-05-3343 |
| § | |
| DOUGLAS DRETKE, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Robert Earl House, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2002 state court conviction for robbery (Docket Entry No. 1).  Pending before the court are House's Petition (Docket Entry No. 1), House's Memorandum of Law (Docket Entry No. 4), Respondent Dretke's Motion for Summary Judgment with Brief in Support (Docket Entry No. 17), and House's Traverse (Docket Entry No. 20).  For the reasons discussed below, the court will grant the motion for summary judgment and deny House's petition for a writ of habeas corpus.

## I.  Procedural History and Claims

On May 10, 2002, House was found guilty of robbery by threats and sentenced to seventy years in prison.  State v. House,

No. 901,537 (228th Dist. Ct., Harris County, Tex.).  The conviction was affirmed by the Fourteenth District Court of Appeals in a published opinion on April 17, 2003.  House v. State, 105 S.W.3d 182 (Tex. App. -- Houston [14th Dist.] 2003, pet. ref'd).  On September 3, 2003, House's petition for discretionary review was refused by the Texas Court of Criminal Appeals.  House v. State, CCRA No. 0952-03 (Tex. Crim. App. 2003).

House filed a state writ of habeas corpus challenging his conviction on September 2, 2004.  Ex parte House, No. 10,511-04, at 2.  It was denied without written order on findings of the trial court without hearing on August 31, 2005.  Id. at cover.

House filed the instant petition for a writ of habeas corpus on September 22, 2005.[1]  Fed. Writ Pet. at cover.  He presents the following grounds for relief:

1.   There was insufficient evidence to support his conviction  for robbery because:

    a.   The state failed to prove he had the intent to commit theft or attempted theft of property belonging to the complainant.

    b.   The state failed to prove he placed the complainant in fear of imminent bodily injury.

2.   His trial counsel was ineffective because

    a.   counsel opened the door to his impeachment by compelling him to plead true to an enhancement

---

[1]Although his petition was filed with the court on September 27, 2005, House indicated that he placed his petition in the prison mail system on September 22, 2005, and respondent does not contest this date (Respondent's Motion for Summary Judgment, Docket Entry No. 17, p. 2 n.2).  A federal petition for habeas corpus is filed on the date it is placed in the prison mail system. Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).

provision and bringing up prior convictions and extraneous offenses,

   b.   counsel did not properly prepare him to testify at trial, and

   c.   counsel failed to investigate his prior conviction.

Because House was convicted and sentenced in Harris County, this court has jurisdiction over House's petition pursuant to 28 U.S.C. § 2241(d).  See Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).

## II.  Standard of Review

### A.  Summary Judgment

A court grants summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986).  An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

The party moving for summary judgment bears the initial burden of proving the absence of any genuine issues of material fact. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  Once the movant has met this burden, the non-movant

-3-

must establish that there is a genuine issue for trial.  Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998).  If the non-movant is unable to meet this burden, the motion for summary judgment will be granted.  Fed. R. Civ. P. 56(c).  When considering a summary judgment motion, the court resolves any doubts and draws any inferences in favor of the nonmoving party.  Hunt v. Cromartie, 119 S.Ct. 1545, 1551-52 (1999).

In a habeas case the court should construe liberally the petitions of prisoners seeking relief.  See Haines v. Kerner, 92 S.Ct. 594 (1972) (per curiam).  Procedural rules must give way at times because of the "unique circumstance of incarceration." McNeil v. United States, 113 S.Ct. 1980, 1984 (1993) (citing Houston v. Lack, 108 S.Ct. 2379 (1988)).  Overall, the court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers."  Haines, 92 S.Ct. at 596.

**B.   Antiterrorism and Effective Death Penalty Act**

Because House filed his petition for a writ of habeas corpus on September 27, 2005, it is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Lindh v. Murphy, 117 S.Ct. 2059 (1997); Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998).  Under the AEDPA

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless

-4-

the adjudication of the claim–

> (1) resulted in a decision that was contrary to,
> or involved an unreasonable application of, clearly
> established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of
> the evidence presented in the State court
> proceeding.

28 U.S.C. § 2254(d).

In review of a state prisoner's habeas petition, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>Jackson v. Johnson</u>, 150 F.3d 520, 524 (5th Cir. 1998).

### III.   <u>Insufficient Evidence</u>

House claims the evidence is not legally sufficient[2] to support his conviction for robbery.   Fed. Writ Pet. at 7.   He claims that the state failed to prove (1) that he had the intent to

---

[2]Although House alleges both legal and factual insufficiency, the court will construe House's claim as one for legal insufficiency because factual insufficiency will not support a claim for federal habeas relief.   "Factual insufficiency" is a creation of Texas state law under which an appellate court examines the fact-finder's weighing of the evidence.   <u>Clewis v. State</u>, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).   Because this is strictly a state law rule, it has no effect in a federal court's habeas evaluation of evidentiary sufficiency unless it is asserted that a Constitutional violation infected the trial or the state law itself violates the Constitution.   <u>Pemberton v. Collins</u>, 991 F.2d 1218, 1223 (5th Cir. 1993) (citing <u>Herrera v. Collins</u>, 113 S. Ct. 853, 859 (1993)).

commit theft or attempted theft of property belonging to the complainant and (2) that he placed the complainant in fear of imminent bodily injury.  A federal court may review a claim that the evidence adduced at a state trial was not sufficient to convict a criminal defendant beyond a reasonable doubt.  <u>Herrera</u>, 113 S. Ct. at 861 (citing <u>Jackson v. Virginia</u>, 99 S. Ct. 2781, 2789 (1979)).

"[T]his inquiry does not require a court to 'ask itself whether <u>it</u> believes that the evidence at the trial established guilt beyond a reasonable doubt.'"  <u>Id.</u>  Instead, the relevant question is whether, in viewing the evidence "in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt." <u>Dupuy v. Cain</u>, 201 F.3d 582, 589 (5th Cir. 2000) (quoting <u>Jackson</u>, 99 S. Ct. at 2789)).

In making that determination the court should not substitute its own view of the evidence for that of the fact-finder.  <u>Whitmore v. Maggio</u>, 742 F.2d 230, 232 (5th Cir. 1984).  The jury convicted House, and "all credibility determinations and reasonable inferences are to be resolved in favor of the jury's verdict." <u>United States v. Ruiz</u>, 987 F.2d 243, 249 (5th Cir. 1993).  It is not the purpose or function of federal habeas corpus to relitigate the sufficiency of evidence presented at a state trial.  <u>Alexander</u>

-6-

v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985).

House claims that the evidence is insufficient to prove that he had the intent to commit theft or attempted theft of property belonging to the complainant.[3]  A person commits theft if he unlawfully appropriates property with the intent to deprive the owner of that property.  Tex. Pen. Code Ann. § 31.03(a).  An "owner" of property means a person who has title to the property, possession of the property, whether legal or not, or a greater right to possession of the property than the actor.  Tex. Pen. Code Ann. § 1.07(35).

On direct appeal the Court of Appeals held the complainant to be the owner of the money because she had possession of the property and a greater right to possession of the property than House.  House, 105 S.W.3d at 184.  If a state appellate court reviews the sufficiency of the evidence, that court's opinion is entitled to great deference.  Callins v. Collins, 998 F.2d 269, 276 (5th Cir. 1993) (citing Parker v. Procunier, 763 F.2d 665, 666 (5th Cir. 1985)).  The court must defer to the state court's interpretation of its own law.  Weeks v. Scott, 55 F.3d 1059, 1063 (5th Cir. 1995).  This court finds nothing in the record to indicate that the appellate court made an incorrect determination in denying House relief on this claim.  Accordingly, the court will not

---

[3]His main argument is that he did not commit theft because the complainant, who managed the liquor store, did not actually own the money House took from the store.

disturb the state's determination that the evidence was sufficient to prove that House had the intent to commit theft or attempted theft of property belonging to the complainant.

House also claims the State failed to prove that he placed the complainant in fear of imminent bodily injury.  This claim is directly contradicted by the record, however.  In her direct testimony, the complainant testified that she was in fear of serious bodily injury.  5 R.R. at 27.  This is supported by testimony stating that House pretended to have a gun and threatened to shoot her if she did not do as he said.  5 R.R. at 15.  Because House was convicted of robbery by a jury, this court will not second guess the jury's determination that the complainant's testimony was true and credible.  See Ruiz, 987 F.2d at 249. Accordingly, because House offers no clear and convincing evidence to the contrary, his claim is without merit.

Because House has failed to show that no reasonable trier of fact could have found him guilty of robbery beyond a reasonable doubt, his insufficient evidence claims will be denied.

## IV.  Ineffective Assistance of Counsel

House also claims ineffective assistance of counsel.  Fed. Writ Pet. at 7.  He argues that his counsel (1) opened the door to his impeachment by compelling him to plead true to an enhancement provision at the guilt/innocence phase of his trial and by bringing up his prior convictions and extraneous offenses, (2) did not

-8-

properly prepare him to testify at trial, and (3) failed to investigate his prior convictions.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must prove that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984). To establish the first prong of this test, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Id. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct." Wiggins v. Smith, 123 S.Ct. 2527, 2535 (2003). Instead, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Strickland, 104 S.Ct. at 2065.

To establish the second prong, petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 2068. See also Wiggins, 123 S.Ct. at 2542. A "mere possibility" that a different result might have occurred is not enough to demonstrate prejudice. Lamb v. Johnson, 179 F.3d 352, 360 (5th Cir. 1999). If the petitioner makes an insufficient showing on one prong of the test, the court need not address the other. Strickland, 104 S.Ct. at 2069.

In reviewing a state prisoner's federal habeas petition, "a

determination of a factual issue made by a State court shall be presumed to be correct." <u>Jackson</u>, 150 F.3d at 524.   The state trial court found that House failed to show that counsel's performance "fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different." <u>Ex parte House</u>, No. 10,511-04 at 59-60.   The Court of Criminal Appeals then denied House's state writ without written order on the findings of the trial court. <u>Id.</u> at cover. Although the writ was denied without a written order, it is presumed that the Court of Criminal Appeals applied the <u>Strickland</u> test and found that House failed to show either deficiency, prejudice, or both. <u>Schaetzle v. Cockrell</u>, 2003 WL 21947120, 3 (5th Cir. 2003).   Accordingly, House has the burden of rebutting the presumption that these findings are correct by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); <u>Jackson</u>, 150 F.3d at 524.

House claims that his attorney was ineffective because she opened the door to his impeachment by compelling him "to plead true to a prior 'forgery' conviction in the enhancement paragraph" during her case-in-chief, proving for the State that he was a criminal (Memorandum, Docket Entry No. 4 at 23).   He also claims that counsel introduced otherwise inadmissible prior convictions and extraneous offenses, all of which allowed the State to attack his credibility and impeach his testimony. <u>Id.</u>

-10-

House's claims are contradicted by the record.  House was not compelled to plead true to the enhancement provisions.  The affidavit filed by House's attorney states that House "made the decision to plead true" to the enhancement "only after discussing this information with Counsel"[4] (Attorney's Affidavit, Docket Entry No. 16, at 53).  Furthermore, House pleaded "not true" to the enhancement provision during the guilt/innocence phase of the trial, as shown by his original plea.  4 R.R. at 77.

House also fails to show that counsel's decision to introduce prior convictions and extraneous offenses was unreasonable under the circumstances.  House's counsel discussed with House the State's Original and Amended Notices of Intention to Use Extraneous Offenses Under Rule 404(B) and Evidence of Convictions Under Rule 609(F) and Evidence of Extraneous Crimes or Bad Acts Under Article 37.07.  Ex parte House, No. 10,511-04, at 53, 59-60.  It is reasonable that counsel introduced the prior convictions to prevent the State from offering the evidence, with greater emphasis, later in the trial.  In her affidavit, House's attorney also explained that she questioned House about his unadjudicated, extraneous offenses to rebut the complainant's previous testimony on the matter.  Id.  There is a strong presumption that counsel rendered adequate assistance and made decisions in the exercise of

---

[4]The trial court found the affidavit to be true and credible, and House offers no clear and convincing evidence to the contrary. Ex parte House, No. 10,511-04, at 59.

reasonable judgment.  <u>Strickland</u>, 104 S. Ct. at 2065-66.  House does not rebut this presumption with clear and convincing evidence and fails to show that the conduct of his attorney fell below an objective standard of reasonableness as a result.  Therefore, his claim is without merit.

House next claims that counsel was ineffective for not properly preparing him to testify (Docket Entry No. 4, at 26).  He claims that counsel did not discuss the pros and cons of testifying with him, explain that it was merely an option, or prepare him for the stand.  House points to no evidence in the record to support his claim, however.  <u>See</u> <u>Ross v. Estelle</u>, 694 F.2d 1008, 1011 (5th Cir. 1983) (stating that "absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value").  Moreover, his claim is contradicted by the record.[5]  Because House is unable to show that his counsel's performance was deficient or prejudicial by clear and convincing evidence, his claim is without merit.

House also claims ineffectiveness of counsel based on his attorney's failure to investigate his prior convictions (Docket Entry No. 4, at 27).  He claims that a reasonable investigation

---

[5]In her affidavit, House's counsel stated that she fully prepared House to testify.

would have revealed that his prior convictions were inadmissible at trial. However, he points to no evidence in the record to support his claim that his attorney did not investigate his prior convictions. See Ross, 694 F.2d at 1011. Furthermore, Texas Rules of Criminal Evidence 404(b) and 609(f) allow the introduction of a criminal defendant's prior convictions and extraneous offenses at trial in certain situations if the State gives timely advance notice of its intention to use the prior convictions and extraneous offenses. See Tex. R. Crim. Evid. 404(b); Tex. R. Crim. Evid. 609(f). Because the State gave such timely advance notice, House's prior convictions and extraneous offenses were admissible at trial, contrary to House's claim. 1 C.R. at 62. Accordingly, House has failed to show that his attorney's performance fell below the objective standard of reasonableness, and his claim is without merit as a result.

House also fails to establish prejudice on any of his ineffective assistance of counsel claims. All of his claims appear to center around the idea that knowledge of his prior convictions and extraneous offenses led the jury to convict him. This argument fails to take into account all of the evidence against him, including the eyewitness identification by an acquaintance and the fact that the stolen money was in his possession when he was arrested. 5 R.R. at 27. The evidence against House was so great that the result of the proceedings likely would have been the same

even had House's attorney done what House argues she should have done.

House is unable to show by clear and convincing evidence that his counsel's performance was deficient and that the deficient performance prejudiced his defense. Accordingly, he has not overcome the presumption of correctness afforded the state trial court's findings of fact.

## V.  Certificate of Appealability

Although House has not yet requested a Certificate of Appealability ("COA") on the claims denied in this Memorandum Opinion and Order, the issue of a COA may arise. This court may deny a COA sua sponte. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). To obtain a COA, House must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S.Ct. 2562, 2569 (2004). To make such a showing, House must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further. Tennard, 124 S.Ct. at 2569. For the reasons stated in this Memorandum Opinion and Order, House has not made a substantial showing of the denial of a constitutional right.

## VI.  Conclusion and Order

The court **ORDERS** the following:

-14-

1.   The Petition for a Writ of Habeas Corpus of Robert Earl House (Docket Entry No. 1) is **DENIED**.

2.   The Motion for Summary Judgment (Docket Entry No. 17) is **GRANTED.**

3.   A certificate of appealability is **DENIED.**

**SIGNED** at Houston, Texas, on the 5th day of July, 2006.


_____
SIM LAKE
UNITED STATES DISTRICT JUDGE